# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re: )
)
Clarence L Green, Jr and Barbara S Green, ) CASE NO: 3:25-bk-04786-BAJ
)
      Debtor(s). )

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362 FILED BY SANTANDER BANK, N.A., AS SERVICER FOR SANTANDER CONSUMER USA INC.
## (2018 VOLKSWAGEN TIGUAN)

---

### NOTICE OF OPPORTUNITY TO
### OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper, you must file a response with the Clerk of Court at 300 N. Hogan Street, Suite 3-150, Jacksonville, FL 32202 [and, if the moving party is not represented by an attorney, mail a copy to Armando Nozzolillo, Esq. at 50 N. Laura Street, Suite 3000, Jacksonville, FL 32202 within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time frame permitted, the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

---

SANTANDER BANK, N.A., AS SERVICER FOR SANTANDER CONSUMER USA INC. ("Movant"), a secured creditor herein, moves the Court, pursuant to 11 U.S.C. § 362(d) and Rules 4001(a)(1) and 9014 of the Federal Rules of Bankruptcy Procedure, for entry of an order granting it relief from the automatic stay, and as grounds therefore shows as follows:

60285296 v1

## I.  PRELIMINARY STATEMENT OF RELIEF REQUESTED

1.  On December 24, 2025 (the "Petition Date"), Clarence L Green, Jr. and Barbara S Green (the "Debtors") filed a petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

2.  This Court has jurisdiction of the parties and the subject matter pursuant to 28 U.S.C. §§ 157, 1334, and 11 U.S.C. § 1324.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

3.  Movant is a secured creditor of the Debtors, as evidenced by that certain Retail Installment Sale Contract dated February 9, 2024 (the "Note").  The Note was secured by a 2018 Volkswagen Tiguan bearing Vehicle Identification Number 3VV3B7AX0JM061070 (the "Collateral").  A true and correct copy of the Note is attached hereto as Exhibit "A."

4.  Movant has a perfected security interest in the Collateral, as noted on the face of the Certificate of Title for the Collateral (the "Certificate of Title").  A true and correct copy of the Certificate of Title is attached hereto as Exhibit "B."

5.  The outstanding balance owed to Movant relative to the Collateral as of this Motion is $21,950.65.  See Exhibit "C". Under the terms of the Note, Debtors agreed to pay Movant $604.09 each month beginning on March 25, 2024.

6.  The Debtors defaulted on direct payments to Movant by failing to make the full payment due for July 25, 2025 and all subsequent payments thereafter.

7.  The Collateral was voluntarily surrendered to Movant on November 28, 2025.

## III.   BASIS FOR RELIEF

8.   Based upon the Debtors' default under the terms of the Note, Movant seeks relief from the automatic stay pursuant to 11 U.S.C. §362 in order to pursue its rights and remedies under state law, including but not limited to, its rights to foreclose its security interest in the Collateral.

9.   Section 362(d) sets forth the standards for determining whether relief from stay is appropriate. Section 362(d) states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1)   for cause, including lack of adequate protection of an interest in property of such party in interest;
>
> (2)   with respect to a stay of an act against property under subsection {a) of this section, if-
>
>> (A)   the debtor does not have an equity in such property; and
>>
>> (B)   such property is not necessary to an effective reorganization;

11 U. S. C. § 362.

10.   Movant has not received, and the Debtors have not agreed to provide, any further adequate protection of Movant's interest in the Collateral. Therefore, Movant is not adequately protected with respect to the Collateral.

11.   Movant requests that the order granting relief from stay be effective and enforceable immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 4001(a)(3) and any other provision of the Bankruptcy Code or Bankruptcy Rules shall not apply.

WHEREFORE, Movant respectfully requests that the Court enter an order granting this motion and lifting the automatic stay to permit Movant to enforce its security interests in the

Collateral pursuant to applicable non-bankruptcy law to which Movant is entitled post-petition, and for such other and further relief as the Court may deem just and proper.

Dated this 11th day of February 2026.

**BURR & FORMAN LLP**

*/s/ Armando Nozzolillo*
Armando Nozzolillo
Florida Bar No. 106544
50 N. Laura St., Suite 3000
Jacksonville, Florida 32202
(904) 232-7204 (telephone)
(904) 212-0724 (facsimile)
anozzolillo@burr.com
jenasmith@burr.com
pjbarnes@burr.com
Attorneys for Movant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been served on this 11th day of February 2026 either by electronic transmission or by United States first class mail postage prepaid to the following:

DEBTORS:              Clarence L Green, Jr
                      44124 Maple Court
                      Callahan, FL 32011

                      Barbara S Green
                      44124 Maple Court
                      Callahan, FL 32011

DEBTOR'S ATTORNEY:    David C Meltzer
                      Law Office of David C. Meltzer, PLLC
                      1033 Cassat Avenue
                      Jacksonville, FL 32205

TRUSTEE:              Aaron R. Cohen
                      P.O. Box 4218
                      Jacksonville, FL 32201-4218

/s/ Armando Nozzolillo
                      Attorney

Exhibit (A)

# RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE
## (WITH ARBITRATION PROVISION)

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| BARBARA SUSAN GREEN<br>37885 KINGS FERRY RD<br>HILLIARD, FL NASSAU, 32046 | N/A | GREENWAY NISSAN OF BRUNSWICK<br>231 CHAPEL CROSSING ROAD<br>BRUNSWICK, GA 31525-0564 |
| Cell: \ | Cell: N/A | |
| Email: | Email: N/A | |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2018 | VOLKSWAGEN TIGUAN | 3VV3B7AX0JM061070 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural  ☐ _N/A_ |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 0.00 is |
|---|---|---|---|---|
| 26.42 % | $ 22,009.59 | $ 21,484.89 | $ 43,494.48 | $ 43,494.48 |

### Your Payment Schedule Will Be:
(e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 604.09 | Monthly beginning 03/25/2024 |
| One Final Payment Of | $ N/A | On N/A |

N/A

**Late Charge.** If payment is not received in full within __10__ days after it is due, you will pay a late charge of $ __50.00__ or __5__ % of the part of the payment that is late, whichever is less.

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**Returned Check Charge:** You agree to pay a charge equal to the greater of $30 or 5% of the check amount if any check you give us is dishonored and we make written demand that you do so.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If the goods or services are obtained primarily for business or agricultural use, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract, unless the law allows it.

☐ VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, **the cost of this insurance is $ N/A** and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _____ Co-Buyer Signs X _N/A_____

## ITEMIZATION OF AMOUNT FINANCED

1 Cash Price (including taxes of $ 1,565.89 )     $ 18,669.89 (1)

2 Total Downpayment =

Trade-in N/A

   (Year)     (Make)     (Model)

| | | |
|---|---|---|
| Gross Trade-In Allowance | $ | N/A |
| Less Pay Off Made By Seller to N/A | $ | N/A |
| Equals Net Trade In | $ | N/A |
| + Cash | $ | N/A |
| + Other N/A | $ | N/A |
| + Other N/A | $ | N/A |
| + Other N/A | $ | N/A |

(If total downpayment is negative, enter "0" and see 4I below)    $ 0.00 (2)

3 Unpaid Balance of Cash Price (1 minus 2)    $ 18,669.89 (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf

(Seller may keep part of these amounts):

A Cost of Optional Credit Insurance Paid to Insurance Company or Companies.

| | | |
|---|---|---|
| Life | $ N/A | |
| Disability | $ N/A | $ N/A |

B Vendor's Single Interest Insurance Paid to Insurance Company    $ N/A

C Other Optional Insurance Paid to Insurance Company or Companies    $ N/A

D Optional Gap Contract    $ N/A

E Official Fees Paid to Government Agencies

| | | | |
|---|---|---|---|
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |

F Government Taxes Not Included in Cash Price    $ N/A

G Government License and/or Registration Fees

N/A

N/A    $ N/A

H Government Certificate of Title Fees    $ N/A

I Other Charges (Seller must identify who is paid and describe purpose.)

| | | | |
|---|---|---|---|
| to N/A | for Prior Credit or Lease Balance | $ | N/A |
| to DEALER | for DOCUMENTATION FEE | $ | 995.00 |
| to AWS MAINTENANCE | for MAINTENANCE | $ | 1,820.00 |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |

Total Other Charges and Amounts Paid to Others on Your Behalf    $ 2,815.00 (4)

5 Amount Financed (3 + 4)    $ 21,484.89 (5)

---

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before

N/A , Year N/A . SELLER'S INITIALS N/A

---

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term N/A Mos.    N/A

                                                      Name of Gap Contract

I want to buy a gap contract.

Buyer Signs **X** N/A

---

**Insurance.** You may buy the physical damage insurance this contract requires from anyone you choose who is authorized to sell such insurance in Georgia. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked on page 1 of this contract.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

### Check the insurance you want and sign below:
### Optional Credit Insurance

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both

☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both

Premium:

Credit Life $ N/A

Credit Disability $ N/A

Insurance Company Name N/A

N/A

Home Office Address N/A

N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance

☐ N/A    N/A

    Type of Insurance      Term

Premium $ N/A

Insurance Company Name N/A

N/A

Home Office Address N/A

N/A

☐ N/A    N/A

    Type of Insurance      Term

Premium $ N/A

Insurance Company Name N/A

N/A

Home Office Address N/A

N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

**X** N/A       N/A

Buyer Signature               Date

**X** N/A       N/A

Co-Buyer Signature          Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS.**

Non-Automotive Copy

# OTHER IMPORTANT AGREEMENTS

**1. FINANCE CHARGE AND PAYMENTS**

 **a. How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

 **b. How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

 **c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

 **d. You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

**2. YOUR OTHER PROMISES TO US**

 **a. If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

 **b. Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

 **c. Security Interest.**
 You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

 This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

 **d. Insurance you must have on the vehicle.**
 You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, at our option, the highest rate the law permits.

 If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

 **e. What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

 **a. You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

 **b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information during credit application;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

 The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

 **c. You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay 15% of the amount you owe as attorney's fees, plus court costs. We will charge only attorney's fees and court costs the law permits.

 **d. We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

 **e. How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

 **f. We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

 We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

 **g. What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   **Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. **Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**
   **Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

6. **SERVICING AND COLLECTION CONTACTS**
   In consideration of our extension of credit to you, you agree to provide us your contact information for our servicing and collection purposes. You agree that we may use this information to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you. You agree to allow our agents and service providers to contact you as agreed above.
   You agree that you will, within a reasonable time, notify us of any change in your contact information.

7. **APPLICABLE LAW**
   Federal law and the law of the state of Georgia apply to this contract.

8. **NEGATIVE CREDIT REPORT NOTICE**
   **We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.**

**Electronic Contracting and Signature Acknowledgment.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

## ARBITRATION PROVISION
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.

2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.

3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, any allegation of waiver of rights under this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator only on an individual basis and not as a plaintiff in a collective or representative action, or a class representative or member of a class on any class claim. The arbitrator may not preside over a consolidated, representative, class, collective, injunctive, or private attorney general action. You expressly waive any right you may have to arbitrate a consolidated, representative, class, collective, injunctive, or private attorney general action. You or we may choose the American Arbitration Association or National Arbitration and Mediatio                                      as the arbitration organization to conduct the arbitration. If you and we agree, you or we may choose a different arbitration organization. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this transaction was originated. We will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee up to a maximum of $5,000, unless the law or the rules of the chosen arbitration organization require us to pay more. You and we will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee over $5,000 in accordance with the rules and procedures of the chosen arbitration organization. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate any related or unrelated claims by filing any action in small claims court, or by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual or statutory public injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. You agree that you expressly waive any right you may have for a claim or dispute to be resolved on a class basis in court or in arbitration. If a court or arbitrator finds that this class arbitration waiver is unenforceable for any reason with respect to a claim or dispute in which class allegations have been made, the rest of this Arbitration Provision shall also be unenforceable.

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

---

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.

Buyer Signs X ~~Barb G~~ _____ Co-Buyer Signs X N/A _____

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**See the rest of this contract for other important agreements.**

**NOTICE TO THE BUYER: Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to an exact copy of the contract you sign.**

---

**You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision above, before signing below. You confirm that you received a completely filled-in copy when you signed it.**

Buyer Signs X ~~Barb G~~ _____ Date February 09, 202  Co-Buyer Signs X N/A _____ Date N/A

Buyer Printed Name BARBARA SUSAN GREEN _____ Co-Buyer Printed Name N/A _____

If the "business" use box is checked in "Primary Use for Which Purchased": Print Name N/A _____ Title N/A _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X N/A _____ Date N/A _____ Address N/A _____

Seller signs GREENWAY NISSAN OF BRUNSWICK _____ Date February 09, 202 By X _____ Title FD _____

---

Seller assigns its interest in this contract to SANTANDER CONSUMER USA _____ (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse    ☒ Assigned without recourse    ☐ Assigned with limited recourse

Seller GREENWAY NISSAN OF BRUNSWICK

By X _____                                     Title   FD

Exhibit (B)



# Santander Consumer USA Inc.

## Lien and Title Information

### Lienholder

**ELT Lien ID**
**Lienholder**          Santander Consumer USA
**Lienholder Address**  PO Box 961288
                        Ft Worth, TX 76161
**Lien Release Date**   12/17/2025

### Vehicle and Titling Information

| | | | |
|---|---|---|---|
| **VIN** | 3VV3B7AX0JM061070 | **Issuance Date** | 2/28/2024 |
| **Title Number** | 0129893258 | **Received Date** | 3/4/2024 |
| **Title State** | FL | **ELT/Paper** | ELECTRONIC |
| **Year** | 2018 | **Odometer Reading** | |
| **Make** | VOLK | **Branding** | |
| **Model** | | | |

**Owner 1**        BARBARA SUSAN GREEN
**Owner 2**
**Owner Address**  37885 KINGS FERRY RD
                   HILLIARD, FL 32046-0000

**Printed:** Friday, January 30, 2026 7:30:20 AM PST

Exhibit (C)

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA

In re:

Clarence L Green, Jr and Barbara S
Green,
Debtor(s)

Chapter 7

Bky. No. 25-04786

**STATE OF TEXAS**         )
                        ) ss.

**COUNTY OF DALLAS**     )        **AFFIDAVIT**

I, __Gavin Douglas__, a __Title Specialist__ of Santander Bank, N.A., as servicer for Santander Consumer USA Inc., declare under penalty of perjury that I have personal knowledge of the information set forth below, which is true and correct to the best of my knowledge, information, and belief.

1. This affidavit is based on the loan payment records of Santander Bank, N.A., as servicer for Santander Consumer USA Inc. as of January 21, 2026. These records are regularly maintained in the course of business and it is the regular practice to make and maintain these records. These records reflect the loan payments that are noted in the records at the time of receipt by persons whose regular duties include recording this information. I maintain these records and regularly use and rely upon them in the performance of my duties.

2. Santander Bank, N.A., as servicer for Santander Consumer USA Inc. has a valid, perfected security interest in the following (the "Collateral"): 2018 VOLKSWAG TIGUAN, VIN: 3VV3B7AX0JM061070.

3. $21,950.65 is the outstanding balance under the contract.

4. $4,066.09 is the amount of the existing delinquency under the contract.

5. $12,050.00 is the fair market value of the Collateral.

6. No appropriate insurance has been verified.

Further your affiant sayeth not.

Dated: __02/06/2026__

Subscribed and sworn to before me on this
__6th__ day of __February__, 2026

Printed Name: __Gavin Douglas__
Title: __Title Specialist__
Creditor: Santander Bank, N.A., as
servicer for Santander Consumer USA Inc.

Notary Public Antwanette Crump
My commission expires: _____